IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO



FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

06 APR 13 PM 4: 11

CLERK-ALBUQUERQUE

FARMERS ALLIANCE MUTUAL INSURANCE
COMPANY, a Kansas Corporation,

Plaintiff,

v.  No.  CIV-06-0297 WPL KBM

DONALD NAYLOR and RAYMOND ARMS,

Defendants.

## NOTICE OF REMOVAL

Defendant Donald Naylor, through his undersigned counsel, Ripley B. Harwood, Esq. (Ripley B. Harwood, P.C.), files his Notice of Removal and in support thereof would show the following:

1. Plaintiff commenced its lawsuit by filing its Complaint in the case captioned: *Farmers Alliance Mutual Insurance Company v. Donald Naylor and Raymond Arms*; Valencia District Court No. D1314 CV-06-313.

2. Plaintiff's civil action alleges that the defendants were negligent in not retaining certain items which Plaintiff claims constitute evidence related to a March 25, 2002 fire at a strip mall furniture store in Artesia, New Mexico.

3. Defendant Donald Naylor was served on or about March 15, 2006. In accordance with 28 U.S.C. Section 1446(a), true and complete copies of all documents filed and served on Defendant Naylor by the Plaintiff are attached as Exhibit A.

4. Defendant Naylor is a resident of Valencia County, State of New Mexico.

5. Upon information and belief, Defendant Ray Arms is a resident of Eufalia, Alabama, and has not been served.

6. Upon information and belief, Plaintiff Farmers Alliance Mutual Insurance Company is a Kansas corporation with its principal place of business in McPherson, Kansas.

7. Pursuant to 28 U.S.C. § 1332, there is complete diversity of citizenship as all parties are citizens of different states. Upon information and belief, the amount in controversy exceeds $75,000.

8. A copy of Defendant Naylor's Notice of Filing of Removal, filed with the Thirteenth Judicial District Court, County of Valencia, is attached hereto as Exhibit B.

WHEREFORE, Defendant Naylor gives notice that this case is removed from the Thirteenth Judicial District Court, County of Valencia, State of New Mexico, to the United States District Court for the District of New Mexico.

**RIPLEY B. HARWOOD, P.C.**

By: _____
RIPLEY B. HARWOOD
11200 Lomas Blvd., N.E., Suite 210
Albuquerque, NM 87112
505-299-6314
505-298-0742 fax
*Attorney for Defendant Naylor*

I hereby certify that I mailed a
copy of the above Notice of
Removal to:

Stevan J. Schoen
Attorney for Plaintiff
4 Hillside Drive
Placitas, N.M. 87043

*Attorney for Plaintiff*

~ and ~

Raymond Arms
Professional Engineering Services
205 Inlet Road
Eufaula, AL 36027

*Defendant Pro Se*

on this 13th day of April, 2006

RIPLEY B. HARWOOD

THIRTEENTH JUDICIAL DISTRICT COURT
COUNTY OF VALENCIA
STATE OF NEW MEXICO

FARMERS ALLIANCE MUTUTAL INSURANCE COMPANY
a Kansas Corporation,
        Plaintiff,

v.

DONALD NAYLOR AND
RAYMOND ARMS,
        Defendants.

No. D1314 CV 06 31

SUMMONS ISSUED

## COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED WARRANTY AND PROFESSIONAL NEGLIGENT RESULTING IN PROPERTY DAMAGE

COMES NOW the Plaintiff, Farmers Alliance Insurance Company, and for its complaint against the Defendants states that:

1. The Plaintiff, Farmers Alliance Mutual Insurance Company ("FAMIC"), is a Kansas Corporation duly authorized to do transaction business as an insurance company within the State of New Mexico.

2. Donald Naylor is a resident of Belen, County of Valencia, State of New Mexico.

3. Donald Naylor is a Professional Certified Fire Investigator.

4. Upon information and belief, Raymond Arms is a resident of the State of Alabama who performs work, provides professional investigation services throughout the State of New Mexico, including the County of Valencia, New Mexico.

5. Raymond D. Arms is a Professional Engineer

6. The Plaintiff, FAMIC retained the services of certain independent contractors, Donald Naylor and Raymond Arms to perform professional services


EXHIBIT A

regarding the cause and origin of fire damage on the premise's Castle's Rentals in New Mexico.

7. On or about March 25, 2002, a fire occurred at the premises of Castle Rental located in Artesia, New Mexico.

8. The Defendants, Donald Naylor and Raymond Arms were employed as independent contractors, by the Plaintiff FAMIC to conduct an investigation to determine the cause and origin of the fire which destroyed the premises belonging to Castle Rentals.

9. Upon information and belief, the Defendants were advised that Castle Rentals was illuminated by florescent light controlled by ballasts.

10. As experts in fire investigations, the Defendants recognized that ballasts which control the florescent lights, and which were on the Castle Rental's premises could fail and produce an ignition source from a fire.

11. Upon information and belief, the Defendants were advised that the Ballasts had failed on previous occasions at the premises.

12. Shortly after the fire, the ballasts from the florescent lights and the Castle Rental premises were gathered together in a single area and visually inspected by the Defendants.

13. Approximately two weeks following the fire, the ballasts were taken as debris and discarded.

14. Had the Defendants directed, the ballasts would have been preserved as evidence of the cause and origin of the fire at these premises.

15. The failure by these Defendants to preserve this critical evidence led to the spoliation of the evidence.

16. The Defendants knew or should have known within days of the fire that the question of arson was central to a determination of what insurance claims were to be paid, and an issue in any lawsuit involving an insurance claim for fire damage.

17. The Defendants knew or should have known that the owners of Castle Rental denied that the fire was the result of arson, and postulated that the cause and origin of the fire was the theory of defective ballasts.

18. As a result of the decisions made by these Defendants, there was no effort made to preserve the ballasts, and no evidence presently relating to the ballasts exists.

## COUNT I
## BREACH OF CONTRACT

19. The Plaintiff realleges each and every allegation contained in paragraphs 1 through 18 hereinbefore set forth in the Complaint as if they were fully stated herein, and incorporated herein by reference thereto.

20. Plaintiff's contracted with the Defendant to provide fire investigation services where fire damage had occurred.

21. As part of the professional services under contract, Defendants were to determine what property was necessary to be preserved as evidence, (a) of the cause and origin of the fire or (b) for further testing to determine the cause and origin of the fire or (c) as evidence in possible future litigation.

22. The Defendants breached their contract when they failed to preserve property as the critical evidence, necessary to determine the cause and origin on the fire damage, and for the purpose of providing a complete fire investigation report.

23. The Defendants breached their contract by allowing the ballasts, as evidence of the cause and origin of the fire to be discarded and spoiled.

3

24. These Defendants were paid for their services as independent contractors.

25. As a result of the breach of the contract by the Defendants, the Plaintiff, FAMIC suffered actual and consequential damages to be provide at trial.

## COUNT II
## BREACH OF IMPLIED WARRANTY

26. The Plaintiff realleges each and every allegation contained in paragraphs 1 through 25 hereinbefore set forth in the Complaint as if they were fully stated herein, and incorporated herein by reference thereto.

27. A tradesman is required to perform in a skilled and workmanlike manner.

28. The Defendants impliedly warranted that they performed their services in a skilled and workmanlike manner.

29. By failing to perform in a skilled and workmanlike manner, the Defendants breached their implied warranty.

30. As a result of the breach of the implied warranty aforesaid, the Plaintiff suffered damages to be proved at trial.

## COUNT III.
## PROFESSIONAL NEGLIGENCE

31. The Plaintiff realleges each and every allegation contained in paragraphs 1 through 30 hereinbefore set forth in the Complaint as if they were fully stated herein, and incorporated herein by reference thereto.

32. The Defendants are professionals: Raymond Arms is a Professional Engineer, and Donald Naylor is a Certified Fire Investigator.

33. The Defendants have been negligent by their acts, omissions, and conduct; as follows:

4

a. The Defendant failed to properly determine that the ballasts were the cause of the fire at the time and place of their investigation and inspection of the fire damaged premises.

b. The Defendants failed to provide a proper and complete cause and origin report concerning the fire and the fire damage premises.

c. The Defendants failed to make timely inspections.

d. The Defendants failed to properly inspect the florescent ballasts.

e. The Defendants failed to submit a complete cause and origin report, utilizing information gathered from an inspection or testing of the ballast.

f. The Defendants failed to properly inspect the ballasts.

g. The Defendants failed to require that ballasts be preserved.

h. The Defendants omitted to advise the Plaintiff that the ballasts were critical evidence of the possible cause and origin of the fire.

i. The Defendant failed to require proper preservation of the florescent ballasts for any purpose, including further testing or as evidence in a future lawsuit between the Plaintiff and other parties.

j. The Defendants failed to take possession of, or make arrangements for the proper preservation of the florescent ballasts.

k. The Defendant's failed to properly preserve the property for another's use as evidence in a pending or future litigation.

34. As a result of the Defendants professional negligence causing the spoliation of evidence, the Plaintiff has been damaged in an amount to be proven at trail.

WHEREFORE, the Plaintiff requests that the Court award it compensating damages, against these Defendants, together with prejudgment interest and costs, and for such other and further relief which to the Court is just, equitable and proper.

                                   Respectfully submitted.

                                   STEVAN J. SCHOEN, LLC

                                   _____
                                   Stevan J. Schoen
                                   Attorney for Plaintiff
                                   4 Hillside Drive
                                   Placitas, NM 87043
                                   (505)867-2802

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
THIRTEENTH JUDICIAL DISTRICT COURT

FARMERS ALLIANCE MUTUAL INSURANCE COMPANY
A Kansas Corporation,
    Plaintiff,

v.    No. CV-06-313

DONALD NAYLOR and RAYMOND ARMS,
    Defendants.

## PLAINTIFF'S PEREMPTORY ELECTION TO EXCUSE DISTRICT JUDGE

COMES NOW, the Plaintiff, by and through its attorney, Stevan J. Schoen, LLC (Stevan J. Schoen, Esq.) and pursuant to NMRA 2000, Rule 1-088.1, hereby files their peremptory election to excuse District Judge Sanchez from presiding over the above-captioned case.

Respectfully submitted,

Stevan J. Schoen, Esq.
4 Hillside Drive
Placitas, NM 87043
(505) 867-2802

THIRTEENTH JUDICIAL DISTRICT COURT
COUNTY OF VALENCIA
STATE OF NEW MEXICO

*FARMERS ALLIANCE MUTUAL*
*INSURANCE COMPANY, a Kansas*
*Corporation,*

        *Plaintiff,*

vs.

*DONALD NAYLOR and*
*RAYMOND ARMS,*

        *Defendants.*        *No. D-1314-CV-06-313*

FILED IN MY OFFICE
DISTRICT COURT CLERK
06 MAR 20 PM 1:01
GERI LYNN SANCHEZ
BY __NJY__ DEPUTY

## NOTICE OF JUDGE ASSIGNMENT

THE ABOVE REFERENCED CAUSE HAS BEEN REASSIGNED TO THE *HONORABLE JOHN W. POPE, DIVISION I,* EFFECTIVE MARCH 20, 2006 DUE TO THE ____ RECUSAL _XXX_ EXCUSAL OF THE *HONORABLE WILLIAM A. SANCHEZ, DIV. III,* BY PLAINTIFF.

        *GERI LYNN SANCHEZ,*
        *CLERK OF THE DISTRICT COURT*

*(SEAL)*

        BY: _Jane Yarbrough_
        JANE YARBROUGH, Deputy Clerk

## *CERTIFICATE*

I HEREBY CERTIFY THAT A TRUE COPY OF THE FOREGOING WAS MAILED TO COUNSEL/PARTIES OF RECORD ON THIS 20TH DAY OF MARCH, 2006.

*GERI LYNN SANCHEZ,*
*CLERK OF THE DISTRICT COURT*

*(SEAL)*

BY: *Jane Yarbrough*
*JANE YARBROUGH, Deputy Clerk*

CC: HONORABLE WILLIAM A. SANCHEZ

HONORABLE JOHN W. POPE

STEVAN J. SCHOEN, ESQ., 4 Hillside Drive, Placitas NM 87043 (Attorney for Plaintiff)

THIRTEENTH JUDICIAL DISTRICT COURT
COUNTY OF VALENCIA
STATE OF NEW MEXICO

FARMERS ALLIANCE MUTUTAL INSURANCE COMPANY
a Kansas Corporation,
        Plaintiff,

v.                                No.   D1314 CV 06 313

DONALD NAYLOR AND
RAYMOND ARMS,
        Defendants.

TO:   Donald Naylor
        301 Baldwin Ave.
        Belen, NM 87002

## SUMMONS
## THE STATE OF NEW MEXICO

Defendant(s), Greeting:

        This summons notifies you that a complaint has been filed against you. You are required to file an Answer to the Complaint, or a responsive motion, within **THIRTY DAYS AFTER THE SUMMONS HAS BEEN SERVED ON YOU.** You must file the Answer or responsive motion with the Clerk of the District Court and you must serve a copy of the Answer or responsive motion on the opposing party.

        **IF YOU DO NOT FILE AND SERVE AN ANSWER OR RESPONSIVE MOTION WITHIN THE THIRTY DAY PERIOD, A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER RELIEF DEMANDED IN THE COMPLAINT.**

Address of District Court: P.O. Box 1089, Los Lunas, NM 87031

Address of Plaintiff: _____ -OR- Name and address of Plaintiff's Attorney: **Stevan J. Schoen, Attorney at Law, 4Hillside Drive, Placitas, New Mexico 87043 (505) 867-2802.**

        WITNESS the Honorable ___WILLIAM A. SANCHEZ DIV. III___, District Judge of said Court of the State of New Mexico and the Seal of the District Court of said County, this **MAR 1 5 2006** day of _____, 2006.

                                          CLERK OF THE DISTRICT COURT

(SEAL)                              By: _____
                                             Deputy

**If you want the advice of a lawyer and don't know one, you may wish to call the Albuquerque Bar Association Lawyer Referral Service at: 243-2615, or the State Bar Statewide Lawyer Referral Service at: 797-6050.**

## RETURN OF SERVICE

STATE OF NEW MEXICO )
                    )ss.
COUNTY OF _____ )

### RETURN FOR COMPLETION BY SHERIFF OR DEPUTY:

I certify that I served the within Summons in said County on the ___ day of _____, 2006, by delivering a copy of thereof, with copy of Complaint attached, in the following manner:

### RETURN FOR COMPLETION BY OTHER PERSON MAKING SERVICE:

I, being duly sworn, on oath, say that I am over the age of 18 years and not a party to this lawsuit, and that I served the within Summons in said County on the _15_ day of _mar_, 2006, by delivering a copy thereof, with copy of Complaint attached, in the following manner:

**(Check one box and fill in appropriate blanks)**

[X] To Defendant _Jon Naylor_ (used when Defendant receives copy of Summons, is read Summons or Complaint or refuses to receive Summons or hear reading.)

[ ] To _____, a person over the age of 15 years and residing at the usual place of abode of Defendant _____ who at the time of such service was absent therefrom.

[ ] By posting a copy of the Summons and Complaint in the most public part of the premises of Defendant _____ (used if no person found at dwelling house or usual place of abode.)

[ ] To _____, an agent authorized to receive service of process for Defendant _____.

[ ] To _____, (parent) (guardian) of Defendant _____ (used when Defendant is a minor or an incapacitated person.)

[ ] To _____, _____ (Name of Person) (title of person authorized to receive service) (used when Defendant is a corporation or association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision.)

**Fees:**

_____
Signature of Private Citizen Making

**Service**

SHERIFF OF _____
COUNTY State of New Mexico

_Angela Miramontes_
NOTARY or Other Officer Authorized to Administer Oaths

By: _____
    Deputy

Title _____

OFFICIAL SEAL
ANGELA MIRAMONTES
STATE OF NEW MEXICO
NOTARY PUBLIC
My Commission Expires 1-13-08

THIRTEENTH JUDICIAL DISTRICT COURT
COUNTY OF VALENCIA
STATE OF NEW MEXICO

FARMERS ALLIANCE MUTUAL INSURANCE
COMPANY, a Kansas Corporation,

        Plaintiff,

v.                              No. D1314 CV-06-313

DONALD NAYLOR and RAYMOND ARMS,

        Defendants.

### NOTICE OF FILING OF REMOVAL

Defendant Donald Naylor, through his undersigned counsel, Ripley B. Harwood, Esq. (Ripley B. Harwood, P.C.), hereby gives notice that Defendant Naylor has filed a Notice of Removal in the Unites States District Court for the District of New Mexico this 13th day of April, 2006.

                              Respectfully submitted,

                              **RIPLEY B. HARWOOD, P.C.**

By:            /s/ Ripley Harwood
                              RIPLEY B. HARWOOD
                              11200 Lomas Blvd., N.E., Suite 210
                              Albuquerque, NM 87112
                              505-299-6314
                              505-298-0742 fax

                              *Attorney for Defendant Naylor*



EXHIBIT B

I hereby certify that I mailed a copy of
the above Notice of Filing of Removal to:

Stevan J. Schoen
4 Hillside Drive
Placitas, N.M. 87043

*Attorney for Plaintiff*

~ and ~

Raymond Arms
Professional Engineering Services
205 Inlet Road
Eufaula, AL 36027

*Defendant Pro Se*

on this 13th day of April, 2006.

_____
RIPLEY B. HARWOOD