IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FARMERS ALLIANCE MUTUAL
INSURANCE COMPANY, a Kansas Corporation,

      Plaintiff,

v.                                               CV 06-0297 WPL/KBM

DONALD NAYLOR AND RAYMOND
ARMS,

      Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
ARMS' MOTION FOR SUMMARY JUDGMENT**

Farmers Alliance Mutual Insurance Company provided fire insurance for Castle Rentals, a furniture store located in Artesia, New Mexico. After a fire destroyed the building at the Castle Rentals premises, Farmers hired Donald Naylor and Raymond Arms to investigate the fire's origin. Farmers brought claims against Naylor and Arms for breach of contract, breach of warranty, and professional negligence. Farmers alleges that as part of the "professional services under contract, Defendant Arms was to determine what property was to be preserved or evidence of the cause and origin of the fire or for further testing to determine the cause and origin of the fire or as evidence in future litigation [sic]." (Doc. 47 at 2.) According to Farmers, Naylor and Arms were informed that ballast-controlled fluorescent lights had illuminated the Castle Rentals property and Naylor and Arms visually inspected the ballasts.[1] Approximately two weeks after the fire, however, the ballasts were "taken as debris and discarded." (Doc. 1, Ex. A at 2.) According to Farmers, arson provided a

---

[1] Ballasts, according to the Merriam-Webster dictionary, are "device[s] used to provide the starting voltage or to stabilize the current in a circuit (as of a fluorescent lamp)." http://www.m-w.com/dictionary/ballasts.

possible explanation of the fire at the Castle Rentals premises. Without the ballasts, Farmers alleges that it was unable to demonstrate that arson, and not the defective ballasts, lay at the fire's origin. (Doc. 1, Ex. A at 2-3.)

## Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The court examines the record and draws all factual inferences in a light most favorable to the nonmoving party. *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000). "The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003). A party "that will not bear the burden of persuasion at trial need not negate the nonmovant's claim. Such a movant may make its prima facie demonstration simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.*

If the moving party meets this initial burden, "it falls to the [nonmovant] to 'identify specific facts that show the existence of a genuine issue of material fact.'" *Munoz*, 221 F.3d at 1164 (quoting *Thomas v. IBM*, 48 F.3d 478, 484 (10th Cir. 1995)). "To avoid summary judgment, the party opposing the motion must establish, at a minimum, an inference of the existence of each essential element to the case." *Foster v. AlliedSignal Inc.*, 293 F.3d 1187, 1192 (10th Cir. 2002) (citing *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)). Summary judgment will "be granted against a party who fails to demonstrate facts sufficient to establish an element essential to his case

when that party will ultimately bear the burden of proof at trial." *Viernes v. Executive Mortgage, Inc.*, 372 F. Supp. 2d 576, 579 (D. Haw. 2004). In demonstrating the existence of a genuine issue of material fact, the nonmovant may not rely on "the mere allegations or denials" asserted in the party's pleading. FED. R. CIV. P. 56(e). Rather, through affidavits, depositions, answers to interrogatories, or further affidavits, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.*

### Discussion

In his Motion for Summary Judgment[2], Arms seeks to carry his burden under Rule 56 "by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Thom*, 353 F.3d at 851.

*Farmers Fails to Demonstrate the Existence of a Genuine Issue*
*of Material Fact Regarding Farmers' Breach of Contract Claim*

In his Motion, Arms contends that Farmers lacks the evidence necessary to demonstrate that Arms had the "legal ability or duty to retain the ballasts belonging to others." (Doc. 37 at 2.) Arms

---

[2] The briefing of the parties merits comment. Arms' Motion for Summary Judgment seeks summary judgment on "Count III of Plaintiff's Complaint," and his Memorandum is filed in support of his "second motion for summary judgment." (Doc. 36 at 1; Doc. 37 at 1.) Arms did not file a prior motion for summary judgment, and the briefing makes clear that he seeks summary judgment on all claims made in Farmers' Complaint. It appears that Arms simply copied portions of Naylor's Second Motion for Summary Judgment and Memorandum in support of that motion (See Doc. 29 at 1 and Doc. 30 at 1) and did not redraft them.

These clerical mistakes are eclipsed by Farmers, which by omission attempts to conceal important facts. In its Memorandum in opposition to Arms' motion, Farmers quotes certain facts found by Judge Currier in a declaratory judgment action that Farmers filed in Chaves County. (Doc. 47 at 5.) Paragraph three addresses whether experts in fire investigation recognize that ballasts are a known ignition source of fire, and paragraph seven addresses whether the ballasts would have been preserved if an expert had directed. As quoted by Farmers, these paragraphs contain ellipses that obscure Judge Currier's findings. Judge Currier found that Don Naylor (not Arms) recognized that ballasts are a known ignition source of fire and that the ballasts would have been preserved if Naylor (not Arms) had directed. Since Farmers correctly quoted these findings on two prior occasions (Doc. 12 at 2; Doc. 32 at 6), it is difficult to conclude that this was a simple oversight or misstatement.

contends that "[t]he evidence is undisputed that Mr. Arms did not have ownership over or the right to retain the ballasts." (Doc. 37 at 2.) This argument points "out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Thom*, 353 F.3d at 851. Accordingly, Arms' Motion satisfies his burden under Rule 56(c).

Because Arms met his prima facie burden under Rule 56(c), the burden shifts to Farmers, the non-moving party, to "set forth specific facts showing that there is a genuine issue for trial." FED R. CIV. P. 56(e). Farmers' Response seeks to demonstrate that the contract between Farmers and Arms imposed on Arms a legal duty to preserve the ballasts. Farmers asserts that "[a]s part of professional services under contract, Defendant Arms was to determine what property was to be preserved or evidence of the cause and origin of the fire or for further testing to determine the cause and origin of the fire or as evidence in future litigation." (Doc. 47 at 2.)

Because Farmers will carry the burden of persuasion at trial, Farmers "must establish, at a minimum, an inference of the existence of each essential element to the case." *Foster*, 293 F.3d at 1192 (citing *Hulsey*, 43 F.3d at 557). To meet this burden, "the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Farmers, however, fails to identify facts related to the professional service contract with Arms by reference to "affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.* Without reference to "affidavits, deposition transcripts, or specific exhibits" Farmers cannot establish the inference of the existence of an essential element in its claim that Farmers' contract with Arms obligated Arms to "determine what property was to be preserved." (Doc. 47.) Farmers, therefore, fails to satisfy its burden under Rule 56. Accordingly, Arms' Motion for Summary Judgment must be granted as to Farmers' breach of contract claim.

4

*Farmers Satisfied its Burden of Demonstrating the Existence of
Genuine Issues of Material Fact Regarding Its Claims for
Breach of Implied Warranty and Professional Negligence*

Similar to his breach of contract argument, Arms contends that Farmers lacks evidence necessary to establish essential elements in its breach of implied warranty and professional negligence claims. To satisfy his burden under Rule 56, Arms, who does not carry the burden of proof at trial, must merely point the court to the lack of evidence supporting Farmers' claims. Arms points out to the court that "Mr. Arms did not do anything in this matter to create any type of liability." (Doc. 37 at 3.) Moreover, Arms contends that he had no "legal ability or duty to retain" the ballasts. (Doc. 37 at 2.) Accordingly, Arms' argument that Farmers lacks evidence on an essential element of its claim satisfies Arms' burden under Rule 56. *See* 10A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 2727 (3d ed. 1998) ("[I]t is not necessary for the movant to introduce any evidence in order to prevail on summary judgment. Rather, at least in cases in which the nonmoving party will bear the burden of proof at trial, the movant can seek summary judgment by establishing that the opposing party has insufficient evidence to prevail as a matter of law, thereby forcing the opposing party to come forward with some evidence or risk having judgment entered against him.").

With Arms' burden satisfied, the burden shifts to Farmers to "set forth specific facts showing that there is a genuine issue for trial." FED R. CIV. P. 56(e). To survive summary judgment, Farmers "must establish, at a minimum, an inference of the existence of each essential element to the case." *Foster*, 293 F.3d at 1192 (citing *Hulsey*, 43 F.3d at 557). Under New Mexico law "[i]n professional negligence cases, both breach of the implied warranty to use reasonable skill under contract law and negligence resulting in a finding of malpractice must be proved by expert testimony *unless* the case

5

is one where exceptional circumstances within the common experience or knowledge of a layman are present." *Adobe Masters v. Downey*, 883 P.2d 133, 135 (N.M. 1994) (italics in original); *see Holt v. Wesley Med. Ctr.*, No. 00-1318-JAR, 2004 U.S. Dist. LEXIS 13799, at *9 (D. Kan. July 19, 2004) (granting summary judgment where plaintiff failed to produce expert testimony, or assert application of the common knowledge exception, to support a claim of professional negligence). Additionally, New Mexico law appears to permit the negligence of a professional to be established by the professional's own testimony. *See Mascarenas v. Gonzales*, 497 P.2d 751, 754 (N.M. Ct. App. 1972) ("The negligence of a doctor may be established by his own testimony."). Thus, expert testimony is unnecessary where a defendant in a professional negligence action testifies that he should have performed an act that the evidence demonstrates he did not perform. *See Crosby v. Demeyer*, 494 S.E.2d 568, 569 (Ga. Ct. App. 1997) (providing that where the defendant testifies "'that he should have performed and did perform an act which the evidence shows he did not perform, and if causation is shown, the case may become a clear and palpable case of negligence and proof of a professional standard is not required.'"(quoting *Bilt Rite of Augusta v. Gardner*, 472 S.E.2d 709 (Ga. Ct. App. 1996))).

Farmers' Response fails to identify expert testimony on which to base its claims for professional negligence and breach of implied warranty.[3] Despite the lack of expert testimony, Farmers points out that Arms' deposition testimony demonstrates the existence of a genuine issue of material fact regarding whether Arms' statements establish sufficient grounds on which a trier-of-fact could find Arms liable for professional negligence and breach of implied warranty.

---

[3] According to Arms' Reply, "Farmers Insurance has not provided any evidence whatsoever on this point and, in fact, has not listed nor disclosed any alleged expert." (Doc. 45 at 2.)

Arms' statements indicate the existence of genuine issues of fact regarding whether or not Arms recognized that he had a duty to ensure that the ballasts were to be preserved "for future testing by all interested parties." (Doc. 47, Ex. A.) In his deposition, Arms stated that the ballasts "should have been" preserved because they "were in the area of origin" and that "all evidence in a presumed area of origin or an extended area of origin is preserved for future testing by all interested parties." (Doc. 47, Ex. A.) Arms' statements present genuine issues of material fact regarding the standard of care Arms owed to Farmers and whether or not Arms had a duty to inform Farmers of the need to preserve the ballasts. *Cf. Mascarenas*, 497 P.2d at 754 (medical malpractice may be established by a defendant's own testimony).

Similarly, assuming Arms' testimony establishes the standard of care owed to Farmers, Arms' deposition testimony demonstrates the existence of issues of material fact regarding the actions Arms took to fulfill this duty. Arms stated that he did not "believe" that he instructed anyone that the ballasts should be preserved and that he "thought the discussions were that they were going to save what was in the area of origin." (Doc. 47, Ex. A.) Arms' statement that he did not "believe" that he instructed anyone to preserve the ballasts indicates the existence of a genuine issue of material fact regarding whether or not Arms failed to advise Farmers that the "ballasts were critical evidence of the possible cause and origin of the fire." (Doc. 1 at 5.) Summary judgment cannot be granted while such factual issues remain unresolved.[4] In light of my obligation to draw all reasonable inferences in favor of the non-moving party, I conclude that issues of material fact exist regarding the events giving rise to Farmers' claims for professional negligence and breach of implied warranty.

---

[4] Additional facts underlying Farmers' claim for professional negligence, identified in paragraph 33 of Farmers' Complaint (Doc. 1), remain similarly unresolved.

**Conclusion**

For the reasons discussed above, I conclude that Arms' Motion for Summary Judgment should be granted as to Farmers' claim for breach of contract and denied as to Farmers' claim for professional negligence and breach of implied warranty.

IT IS SO ORDERED.

*William P. Lynch*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.